UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DOROTHY A. PIERCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NELSON C. FRINK, M.D.; COOK INCORPORATED; COOK INCORPORATED a/k/a COOK MEDICAL INCORPORATED; COOK GROUP INCORPORATED; COOK MEDICAL, LLC; and DOES 1 through 60,<br><br>　　　　Defendants. | CIV. NO 2:17-1731 WBS DB<br><br><u>MEMORANDUM AND ORDER RE: DEFENDANTS' MOTION TO SEVER CLAIMS, DEFENDANTS' MOTION TO STAY, AND PLAINTIFF'S MOTION TO REMAND</u> |

----oo0oo----

Plaintiff Dorothy A. Pierce brought this action against defendants Nelson C. Frink ("Frink"); Cook Incorporated; Cook Group Incorporated; and Cook Medical, LLC (collectively "Cook") seeking relief based on product liability claims in connection with a Cook medical device that was implanted into plaintiff by Frink. Cook removed the action to this court on the basis of diversity jurisdiction. Presently before the court are

plaintiff's Motion to remand, Cook's Motion to sever claims against Frink, and Cook's Motion to stay this case pending transfer to the Southern District of Indiana.

I. Factual and Procedural History

On May 5, 2011, Frink, a California citizen, (Notice of Removal ¶ 15 (Docket No. 1)), implanted plaintiff, also a California citizen, with a Gunther Tulip, which is an inferior vena cava ("IVC") filter manufactured and sold by Cook. (Compl. ¶¶ 14-15 (Docket No. 1-1).) Frink did not contribute to the design or manufacturing of the Cook IVC filter. Cook is incorporated in, and has its principal place of business in, Indiana. (Notice of Removal ¶¶ 11-13.) The Gunther Tulip is now tilted and perforating into plaintiff's adjacent organs, placing plaintiff at risk of future migration, perforations, and/or fractures from the retained filter. (Compl. ¶¶ 17-18.) Plaintiff will require ongoing medical care and monitoring for the rest of her life because of this. (Id.)

Issues with the Gunther Tulip have resulted in hundreds of actions across the United States against Cook for their sale of these purportedly defective devices. The Judicial Panel on Multidistrict Litigation ("JPML") has consolidated hundreds of these cases into a federal multidistrict litigation in the United States District Court for the Southern District of Indiana ("MDL court"), determining that centralization was appropriate for cases involving allegations of defects in the various models of Cook's IVC filters. In re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Prod. Liab. Litig., MDL No. 2570

(S.D. Ind. 2017).[1]

On July 20, 2017, plaintiff filed suit in Sutter County Superior Court alleging negligence by Frink in failing to (a) monitor plaintiff after implantation of the Gunther Tulip and (b) implement a follow up plan to monitor, assess, or remove the Gunther Tulip once the device was no longer needed. (Compl. ¶ 54.) As to Cook, plaintiff alleged (a) strict liability failure to warn, (b) strict liability design defect, (c) negligence in failing to use reasonable care in designing, manufacturing, marketing, labeling, packaging, and/or selling the Gunther Tulip, (d) negligence for failure to recall the Gunther Tulip, (e) breach of express and implied warranties, and (f) negligent misrepresentation. (Id. ¶¶ 57-97.) The case was removed to federal court on August 18th, 2017. (Docket No. 1.)

On August 22, 2017, the JPML issued a conditional transfer, stating that this case "involve[s] questions of fact that are common to the actions previously transferred to the Southern District of Indiana." (Cook's Opp'n to Pl.'s Mot. to Remand (Docket No. 16), Ex. B, Aug. 22, 2017 MDL Conditional Transfer Order.) Plaintiff has opposed this order.

II. Discussion

    A. Order of Pending Motions

As an initial matter, the court must determine which motion to entertain first. Generally, jurisdiction is a preliminary matter that should be resolved before all others. Smith v. Mail Boxes, Etc., 191 F. Supp. 2d 1155, 1157 (E.D. Cal.

---

[1] Master Case No. 1:14-ml-2570-RLY-TAB.

2002) ("[J]urisdictional issues should be resolved before the court determines if a stay is appropriate."). However, the approach changes when deference to an MDL court will further "the uniformity, consistency, and predictability in litigation that underlies the MDL system." Conroy v. Fresh Del Monte Produce Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). The MDL court can resolve a motion to remand when "the motion raises issues likely to arise in other actions pending in [the consolidated action]." Id.; see also In re Vioxx Prods. Liab. Litig., 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("[M]otions to remand ... can be presented to and decided by the transferee judge.").

Several courts, including this one, have applied the Conroy methodology when considering simultaneous motions to remand and stay in the MDL context. See, e.g., Beshear v. Volkswagen Grp. of Am., Inc., Civ. No. 16-cv-27-GFVT, 2016 WL 3040492, at *2-6 (E.D. Ky. May 25, 2016); Leeson v. Merck & Co., Inc., Civ. No. 2:05-2240 WBS PAN, 2006 WL 3230047, at *2-4 (E.D. Cal. Jan. 27, 2006). "First, the court should [scrutinize] the merits of the motion to remand" and consider it in full if "this preliminary assessment suggests that removal was improper." Conroy, 325 F. Supp. 2d at 1053. Second, "if the jurisdictional issue appears factually or legally difficult, the court should determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding." Id. "[I]f the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should stay the action." Id.; see also Meyers v. Bayer AG, 143 F. Supp. 2d

1044, 1048-49 (E.D. Wis. 2001).

Applying this methodology, the court finds that a stay is proper. First, in light of Cook's diversity jurisdiction arguments, "removal was not <u>plainly</u> improper." See <u>Leeson</u>, 2006 WL 3230047, at *3. Federal diversity jurisdiction exists when the parties are in complete diversity and the amount in controversy exceeds $75,000. <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003). Plaintiff presents no argument regarding the amount in controversy requirement or the timeliness of Cook's removal, but instead argues that Frink's California citizenship defeats complete diversity. However, district courts have discretion under Federal Rule of Civil Procedure 21 to retain diversity jurisdiction over a case by dropping a non-diverse party if that party is not necessary and indispensable to the case under Rule 19. See <u>Am. Greyhound Racing, Inc. v. Hull</u>, 305 F.3d 1015, 1022 (9th Cir. 2002). A party is "necessary" if: (1) complete relief cannot be given to existing parties in the party's absence; (2) disposition in the party's absence may impair the party's ability to protect its interest in the controversy; or (3) the party's absence would expose existing parties to substantial risk of double or inconsistent obligations. See Fed. R. Civ. P. 19(a). A party is "indispensable" under Rule 19(b) when "in equity and good conscience" the action should not be allowed to proceed without that party. Fed. R. Civ. P. 19(b); see also <u>White v. Univ. Of Cal.</u>, 765 F.3d 1010, 1026-28 (9th Cir. 2014).

Cook removed this case to federal court on two independent theories: (1) the theory that Frink should be severed

5

from the case under Federal Rule of Civil Procedure 21; and (2) fraudulent misjoinder. Frink appears to be neither necessary nor indispensable to this action. In Temple v. Synthes Corp., the Supreme Court held that a physician who performed an implant surgery was not a necessary party to a product liability action against the medical device manufacturer. 498 U.S. 5 (1990). Applying this reasoning, Frink is not necessary for the resolution of plaintiff's product liability claims here. Pursuant to Rule 19(b), because Frink is not a necessary party, he cannot be indispensable. See id. at 8 ("Here, no inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied.") Accordingly, the preliminary assessment required by Conroy does not suggest that removal was improper or that Cook's diversity jurisdiction arguments are baseless.

Second, the jurisdictional issue here is similar to jurisdictional issues in cases already transferred to the MDL court. Cook has already removed and sought transfer of twelve other IVC filter cases on the basis of fraudulent joinder, including three in the Ninth Circuit.[2] Some of these cases have

---

[2] See Osorio v. Cook Group Incorporated et al., Civ. No. 5:17-1146 (C.D. Cal.); Berman-Cheung et al. v. Cook Group Incorporated et al., Civ. No. 5:17-2564 (N.D. Cal.); Kay v. Regents of the University of California et al., Civ. No. 3:17-1512 (S.D. Cal.) (remanded without addressing Cook's motion to stay or the court's power to sever non-diverse parties); Lowther-Berman v. Cook Incorporated et al., Civ. No. 2:17-3852, (S.D. W. Va.); Strickland v. Proffitt et al., Civ. No. 3:17-2059 (N.D. Tex.); Schmellick v. Cook Incorporated et al., Civ. No. 2:17-2640-WB (E.D. Pa.); Pleasant v. Cook Incorporated et al., Civ. No. 3:17-1498 (N.D. Tex.); Givney v. Savage et al., Civ. No. 3:17-01432 (N.D. Tex.); Jewett v. Baxter et al., Civ. No. 5:17-5036 (D.S.D.); Lowicki v. Lung et al., Civ. No. 2:17-1615 (D.

6

already been transferred to the MDL.³ Furthermore, the JPML routinely issues conditional transfer orders for cases such as this one, even where a motion to remand is pending. See, e.g., In re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Prods. Liab. Litig., MDL No. 2570 (J.P.M.L. Dec. 7, 2016), (Docket No. 172) ("We have held that a motion for remand alone generally is an insufficient basis to vacate a conditional transfer order. Plaintiff can present her motion for remand to the transferee judge."). Consequently, "identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding." Conroy, 325 F. Supp. 2d at 1053

Further, this case shares "common question[s] of fact" with other cases already transferred to the MDL court. 28 U.S.C. § 1407(a). Plaintiff here, like plaintiffs in the MDL action, claims injuries allegedly arising from the placement of a Cook Gunther Tulip into plaintiff. Plaintiff's allegations are nearly identical to the allegations plaintiffs in all other cases in the Cook MDL make--that one of Cook's IVC filters was defectively designed and that Cook failed to provide adequate warnings about the filter. See Compl.; c.f. In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Prod. Liab. Litig., MDL No. 2570 (Jan. 28, 2015)(ECF No. 213)(Notice of Filing Master Consolidated Compl. for Individual Claims).

---

Nev.) Collins, et al. v. Cook Group Incorporated, et al., Civ. No. 4:16-2140 (E.D. Mo.); Halinski et al. v. Cook Group Incorporated et al., Civ. No. 4:16-2141 (E.D. Mo.).

³ See, e.g., Berman-Cheung (N.D. Cal), Osoroio (C.D. Cal), Jewett, Lowicki, and Schmellick.

7

Because jurisdiction is a threshold issue and the MDL court has many cases with pending motions to remand, the MDL court will necessarily need to rule on the motions to remand. The Conroy methodology suggests that the court should rule upon defendants' motion to stay.

B.   Motion to Stay

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Moreover, a stay and deference to the MDL court are particularly appropriate when the parties contest issues that are "likely to arise in other actions pending" in the consolidated proceedings. Conroy, 325 F. Supp. 2d at 1053. In evaluating whether to stay proceedings, the court is concerned with balancing competing interests and should consider: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); see also Landis, 299 U.S. at 254-55; CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

First, as to prejudice to plaintiff, plaintiff argues that a stay will place her case in the MDL court with hundreds of other cases where she will be unfairly prejudiced by a delay in proceedings. (Pls.' Opp'n to Cook's Mot. to Stay 10 (Docket No. 11).)  The court is aware that there may be some delay or

inconvenience to plaintiff if a stay is granted. However, "if this case is transferred to the MDL, the efficiencies gained through the MDL will benefit all parties." Lessard v. Volkwagen Grp. of Am., Inc., Civ. No. 16-754 WMW TNL, 2016 WL 3004631, at *2 (D. Minn. May 24, 2016). Granting a stay will not preclude plaintiff from seeking remand in the MDL court, and plaintiff may very well benefit from the perspectives of plaintiffs' counsel in other cases with pending motions to remand. Further, other courts have stayed cases pending transfer to an MDL court when "plaintiffs have not demonstrated any prejudice in the event of a stay except the slight delay in deciding the remand motion." See, e.g., Med. Soc'y of N.Y. v. Conn. Gen. Corp., 187 F. Supp. 2d 89, 92 (S.D.N.Y. 2001). Moreover, "[w]hile transfer of a particular action might inconvenience or delay some parties to that action, such a transfer often is necessary to further the expeditious resolution of the litigation taken as a whole." (Cook's Mem. in Supp. of Mot. to Stay, Ex. A, Aug. 1 JPML Transfer Order).

Second, the potential hardship and inequity to Cook weighs heavily in favor of a stay. If this court considers and denies plaintiff's motion to remand, plaintiff may have a second chance before the MDL court if the case is subsequently transferred because the MDL court will necessarily need to address motions to remand in the several cases already transferred. "[Defendants] should not have to defend against the same motion repeatedly brought by the same plaintiff." Leeson, 2006 WL 3230047, at *4. Conversely, if this court determines that defendants improperly removed this case but the MDL court

9

holds removal was proper in similar cases, defendants will be stuck with a decision in this case that is inconsistent with the majority of other similar cases. See A.D. v. Pfizer, Inc., Civ. No. 13-2466 JST, 2013 WL 3889159, at *2 (N.D. Cal. July 26, 2013) ("On the other hand, Defendants would face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed."). Yet defendants would not be able to appeal an order granting remand. See Kunzi v. Pan Am. World Airways, Inc., 833 F.2d 1291, 1293 (9th Cir. 1987) ("Remand orders ... are immune from appellate review ... even if the district court's jurisdictional decision was erroneous."). Denying a stay will also require defendants to potentially respond to any other pretrial matters raised by plaintiffs that the MDL court could decide. Each pretrial matter adjudicated by this court increases the risk of inconsistent rulings and prejudices defendants' ability to defend themselves in the actions with similar allegations and issues. See Pfizer, 2013 WL 3889159, at *2.

Third, judicial economy weighs in favor of a stay. The goal of the MDL court is to coordinate pretrial management of actions with common facts. See 28 U.S.C. § 1407. A stay pending the JPML's decision to consolidate this action in the MDL court increases efficiency and consistency, especially "when the pending motions raise issues likely to be raised in other cases." Manual for Complex Litigation (Fourth) § 22.35; see Meyers, 143 F. Supp. 2d at 1053 ("[J]udicial economy clearly favors a stay" when the "other cases present the same or a similar issue."). "A majority of courts have concluded that it is often appropriate to

stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." Rivers, 980 F. Supp. at 1362. Absent a stay, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." Id. at 1360.

If this case is transferred to the MDL court, the MDL court will potentially be in a better position to address plaintiff's motion to remand and any other pretrial matters. "Given the fact that hundreds of similar cases have been transferred already, and the likelihood of many more cases being in a similar procedural posture, the interests of judicial economy and the threat of inconsistent rulings outweighs any potential prejudice to the [plaintiff]." Beshear, 2016 WL 3040492, at *8. Accordingly, the court will grant defendants' motion to stay the proceedings pending transfer of this action to the MDL court.

IT IS THEREFORE ORDERED that defendants' Motion to stay be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's Motion to remand be, and the same hereby is, DENIED WITHOUT PREJUDICE.

Dated: October 31, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE